**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 96-11515
(Summary Calendar)

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMON YANEZ,

Defendant-Appellant.

Appeal from the United States District Court
for the Northern District of Texas
(USDC No. 3:92-CR-006-1-D)

June 30, 1997

Before DAVIS, EMILIO M. GARZA, and STEWART, Circuit Judges.

PER CURIAM:[*]

Ramon Yanez pled guilty to four counts of distribution of controlled substances and was

sentenced to 151 months' imprisonment, three years' supervised release, and charged a $200 special

assessment. In this appeal, Yanez challenges only the length of incarceration. In particular, Yanez

argues that the district court erred in (1) calculating the amount of drugs involved, and (2) concluding

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Yanez was not entitled to a reduction in his offense level under the safety-valve provision of §

2D1.1(b)(4) and § 5C1.2.

We have reviewed the record and find no error. The district court did not clearly err in

calculating the amount of drugs involved in the transaction. See United States v. Mergerson, 4 F.3d

337, 345 (5th Cir. 1993); U.S.S.G. § 2D.1 cmt. n.12. And the district court did not clearly err in

determining that Yanez did not meet the safety-valve provisions of § 2D1.1(b)(4) because he failed

to timely and truthfully provide information to the Government concerning the offense (as required

by U.S.S.G. § 5C1.2(5)). See United States v. Rodriguez, 60 F.3d 193, 195 n.1 (5th Cir.), cert.

denied, 116 S. Ct. 542 (1995).

AFFIRMED.